# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEANETTE K. COAKLEY<br>1880 Chantilly Court<br>Virginia Beach, Virginia 23451; | )<br>)<br>)<br>) |
| FRANCES W. ROYSTER<br>175 Royster Lane<br>Randolph, Virginia 23962; | )<br>)<br>)<br>) |
| THERESA A. TORRISI<br>690 Lowell Street<br>Lawrence, Massachusetts 01841; and | ) Civil Action No._____<br>)<br>)<br>) |
| EUNICE L. KOZIRESKI<br>6032 Swanson Creek<br>Hughesville, Maryland 20637, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| CIGNA GOVERNMENT SERVICES, LLC<br>Two Vantage Way<br>Nashville, Tennessee 37228; | )<br>)<br>)<br>) |
| NHIC, CORP.<br>402 Otterson Drive<br>Chico, California 95928-8206; | )<br>)<br>)<br>) |
| KERRY N. WEEMS, in his official capacity as<br>Acting Administrator of the Centers for Medicare<br>and Medicaid Services<br>200 Independence Avenue, S.W.,<br>Washington, D.C. 20201; and | )<br>)<br>)<br>)<br>)<br>) |
| MICHAEL O. LEAVITT, in his official capacity<br>as Secretary of the Department of Health and<br>Human Services<br>200 Independence Avenue, S.W.,<br>Washington, D.C. 20201, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

## COMPLAINT FOR DECLARATORY
## AND INJUNCTIVE RELIEF

Plaintiffs, Jeanette K. Coakley, Frances W. Royster, Theresa A. Torrisi, and Eunice L. Kozireski, bring suit against CIGNA Government Services, LLC, NHIC, Corp., Kerry N. Weems, in his official capacity as Acting Administrator of the Centers for Medicare and Medicaid Services, and Michael O. Leavitt, in his official capacity as Secretary of the Department of Health and Human Services, for declaratory and injunctive relief.  Plaintiffs allege as follows:

### Nature of the Action

1.      Plaintiffs bring this action challenging the legal validity of local coverage determinations ("LCDs") issued by Defendants.  These LCDs provide that payment under Medicare Part B for Xopenex® (levalbuterol HC1) Inhalation Solution ("Xopenex") will be based on the allowance for the generic drug racemic albuterol.  As set forth below, these coverage determinations exceed the Defendants' statutory and regulatory authority and violate the applicable payment methodology mandated by statute.  Thus, Plaintiffs ask that this Court declare the LCDs invalid and enjoin their operation.

### Parties

2.      Plaintiffs are beneficiaries enrolled under Medicare Part B who are in need of (and are currently prescribed) Xopenex to treat asthma and/or chronic obstructive pulmonary disease.

3.      Jeanette K. Coakley is a Medicare beneficiary who takes Xopenex through a nebulizer as prescribed by her doctor.  She receives coverage for Xopenex through Medicare Part B.  She suffers from both asthma and chronic obstructive pulmonary disease ("COPD").  She resides in Virginia.

2

4.    Ms. Coakley is injured by the applicable LCD because as of July 1, 2008, it will deny her access to Xopenex as a Medicare benefit and she is likely to suffer negative effects if she is forced to switch to racemic albuterol.

5.    Frances W. Royster is a Medicare beneficiary who takes Xopenex through a nebulizer as prescribed by her doctor. She receives coverage for Xopenex through Medicare Part B. She suffers from both asthma and COPD. She resides in Virginia.

6.    Ms. Royster is injured by the applicable LCD because as of July 1, 2008, it will deny her access to Xopenex as a Medicare benefit and she is likely to suffer negative effects if she is forced to switch to racemic albuterol.

7.    Theresa A. Torrisi is a Medicare beneficiary who takes Xopenex through a nebulizer as prescribed by her doctor. She receives coverage for Xopenex through Medicare Part B. She suffers from COPD. She resides in Massachusetts.

8.    Ms. Torrisi is injured by the applicable LCD because as of July 1, 2008, it will deny her access to Xopenex as a Medicare benefit and she is likely to suffer negative effects if she is forced to switch to racemic albuterol.

9.    Eunice L. Kozireski is a Medicare beneficiary who takes Xopenex through a nebulizer as prescribed by her doctor. She receives coverage for Xopenex through Medicare Part B. She suffers from COPD and has undergone surgery for lung cancer. She resides in Maryland.

10.    Ms. Kozireski is injured by the applicable LCDs because as of July 1, 2008, it will deny her access to Xopenex as a Medicare benefit and she is likely to suffer negative effects if she is forced to switch to racemic albuterol.

3

11.     Michael O. Leavitt is the Secretary of the Department of Health and Human Services, and as Secretary he is granted statutory authority to regulate the Medicare system. *See* 42 U.S.C. § 1395kk.

12.     Kerry N. Weems is the Acting Administrator of the Centers for Medicare and Medicaid Services ("CMS"), which is the agency charged with administering the federal Medicare program and the agency that contracts with the Durable Medical Equipment Medicare Administrative Contractors ("DME Contractors") to implement local coverage determinations.

13.     Defendants CIGNA Government Services, LLC and NHIC, Corp. are DME Contractors. DME Contractors contract with CMS and are agents of the Secretary in performing their contractual functions. They are responsible, *inter alia*, for making coverage determinations for the geographical regions they serve. *See* 42 U.S.C. § 1395ddd.

14.     CIGNA Government Services, LLC is a Delaware limited liability company with its principal place of business in Nashville, Tennessee. It is a wholly-owned subsidiary of CIGNA Corporation, a Delaware corporation. CIGNA Government Services, LLC is the DME Contractor for Region C, which consists of Alabama, Arkansas, Colorado, Florida, Georgia, Louisiana, Mississippi, New Mexico, North Carolina, Oklahoma, Puerto Rico, South Carolina, Tennessee, Texas, U.S. Virgin Islands, Virginia, and West Virginia.

15.     NHIC, Corp. is incorporated in Texas with its principal place of business in Chico, California. It is a wholly-owned subsidiary of Electronic Data Systems Corporation, a Delaware corporation. NHIC, Corp. is the DME Contractor for Region A, which consists of Connecticut, Delaware, District of Columbia, Maine, Maryland, Massachusetts, New Hampshire, New Jersey, New York, Pennsylvania, Rhode Island, and Vermont.

### Jurisdiction and Venue

16.    This Court has jurisdiction under 28 U.S.C. § 1331 as the action arises under the

laws of the United States.  Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201

and 2202.

17.    Judicial review is sought pursuant to 42 U.S.C. § 1395ff(f)(3), which permits

Medicare beneficiaries to bring purely legal challenges concerning the validity of national or

local coverage determinations directly in "a court of competent jurisdiction . . . without

otherwise exhausting other administrative remedies."

18.    For purposes of this action, Plaintiffs do not contest any material issue of fact but

raise instead the purely legal challenge to the validity of the LCDs.

19.    Venue of this action exists in this Court under 28 U.S.C. § 1391(e) because at

least one of the Defendants is "an officer or employee of the United States or any agency thereof

acting in his official capacity" and performs his official duties in the District of Columbia. *See*

*Archuleta v. Sullivan*, 725 F. Supp. 602, 605 (D.D.C. 1989) ("[W]here a plaintiff files a civil

action against a defendant who is an officer or employee of the United States, or any agency

thereof, acting in his official capacity, this circuit has held that under § 1391(e) the place where

the defendant resides is not the defendant's personal residence but his *official* residence, *i.e.,*

where his official duties are performed.") (emphasis in original).

20.    On information and belief, venue is also proper under 28 U.S.C. § 1391(e)

because a substantial part of the events or omissions giving rise to the claims occurred in this

judicial district.

**Factual Background**

21.    This suit involves coverage under Medicare Part B for the prescription drug Xopenex. Reimbursement may be made under Part B for drugs placed into durable medical equipment if the drugs are necessary to achieve the equipment's therapeutic effect. *See* 42 U.S.C. § 1395u(o)(1)(G)(ii); CMS, Pub. 100-02, Medicare Benefit Policy Manual, ch. 15, § 110.3 (rev. Oct. 1, 2003), available at http://www.cms.hhs.gov/manuals/downloads/bp102c15.pdf.

22.    Plaintiffs have been prescribed Xopenex for placement into items of durable medial equipment known as nebulizers. Xopenex is necessary to achieve the nebulizers' therapeutic effect for these Plaintiffs.

23.    Xopenex is a drug used to treat or prevent symptoms arising from respiratory conditions such as asthma and obstructive pulmonary disease. When delivered through a nebulizer, Xopenex works by relaxing the muscles surrounding the airways, thus permitting patients to breathe more easily. Xopenex is a single-source drug, meaning that its manufacturer Sepracor Inc. has demonstrated the product's safety and efficacy to the U.S. Food and Drug Administration through the approval process for a new drug application. *See* 42 U.S.C. § 1395w-3a(c)(6)(D) (§ 1847A(c)(6)(D)) (defining a "single source drug" as "a drug which is not a multiple source drug and which is produced or distributed under a new drug application approved by the Food and Drug Administration").

24.    Racemic albuterol ("albuterol") is also used to treat asthma and obstructive pulmonary disease, and is a competitor of Xopenex. Albuterol is a multiple-source, or generic, drug that differs chemically from Xopenex.

25.     In April 2008, Defendants CIGNA Government Services, LLC and NHIC, Corp. and other DME Contractors issued LCDs that change the reimbursement rate under Medicare Part B for Xopenex in their respective regions. Because all of the DME Contractors, including Defendants CIGNA Government Services, LLC and NHIC, Corp., issued the same LCD, the determination regarding the reimbursement rate for Xopenex is national in scope.

26.     The CMS Program Integrity Manual authorizes DME Contractors to establish national policies that set payment rates for items or services at the rate of the "least costly alternative" ("LCA"), and requires that any LCA shall be promulgated in an LCD.

27.     The LCDs at issue here provide that "when codes J7612 or J7614 [for Xopenex] are billed, if coverage criteria are met, payment will be based on the allowance for the least costly medically appropriate alternative – J7611 or J7613 [for albuterol] respectively." In other words, the reimbursement amount for Xopenex is set through the LCDs at the level of the reimbursement amount for generic albuterol.

28.     If not enjoined, the LCDs will take effect on July, 1 2008.

### Count I

29.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 29 of the Complaint as though specifically set forth herein.

30.     The LCDs are arbitrary and capricious and contrary to law.

### Count II

31.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 30 of the Complaint as though specifically set forth herein.

32.    The LCDs issued by Defendants are invalid because by setting the payment rate for Xopenex they violate statutory and regulatory provisions prescribing the scope of LCD authority.

33.    Pursuant to 42 U.S.C. § 1395ff(f)(2)(B), LCDs are limited to include "a determination by a fiscal intermediary or a carrier under part A or part B of this subchapter, as applicable, respecting *whether or not a particular item or service is covered* on an intermediary- or carrier-wide basis under such parts, in accordance with section 1395y(a)(1)(A)." (emphasis added).  LCDs are limited to making coverage determinations and may not include a determination regarding the rate of payment for a particular item or service.

34.    This limitation is confirmed by the implementing regulations promulgated by the Centers for Medicare and Medicaid Services, which state that "[a]n LCD *does not include a . . . determination with respect to the amount of payment to be made* for the service." 42 C.F.R. § 400.202 (emphasis added).

35.    The LCDs issued by Defendants are accordingly beyond the proper scope of an LCD, as defined by statute and regulation, and are therefore invalid.

**Count III**

36.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 35 of the Complaint as though specifically set forth herein.

37.    Plaintiffs further allege that the LCDs issued by Defendants are invalid because they set a payment rate for Xopenex that is directly contrary to the payment methodology prescribed by statute.

38.    Pursuant to 42 U.S.C. § 1395u(o)(1)(G), "[i]n the case of inhalation drugs or biologicals furnished through durable medical equipment . . . [the amount payable for the drug or biological is equal to] the amount provided under section 1395w-3a of this title for the drug or biological."

39.    Pursuant to 42 U.S.C. § 1395w-3a(b)(1), (b)(6), (b)(7) and (c)(6)(C)(ii), Xopenex, an applicable single-source inhalation drug, is reimbursed at the lesser of (1) 106 percent of its own average sales price, or (2) 106 percent of the blended volume-weighted average of the average sales prices for both Xopenex and albuterol. In this case, the lesser of these two rates is the blended average sales prices of both Xopenex and albuterol. In contrast, pursuant to the same statutory provisions, albuterol, an applicable multiple-source inhalation drug, is reimbursed at 106 percent of the volume-weighted average of the average sales price of albuterol only.

40.    The LCDs issued by Defendants set the payment amount of Xopenex at the "allowance" for the generic, or multiple-source, drug albuterol. This is directly contrary to the statutory language establishing a mandatory payment scheme under which the reimbursement rate for a single-source inhalation drug like Xopenex is the blended average sales prices of both Xopenex and albuterol. The statutory payment rules specifically do not allow Xopenex to be reimbursed at the rate for albuterol only.

41.    The LCDs issued by Defendants accordingly violate the statutory reimbursement methodology for single-source inhalation drugs furnished through durable medical equipment and are therefore invalid on that basis as well as on the bases set forth in Counts I and II.

**Count IV**

42.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 41 of the Complaint as though specifically set forth herein.

43.    The Program Integrity Manual provision authorizing DME Contractors to set payment rates in LCDs by use of LCA policies is contrary to law.

44.    Pursuant to 42 U.S.C. § 1395hh(a)(1), the Secretary may not change or establish substantive legal standards affecting benefits and payment except by a regulation promulgated pursuant to notice-and-comment procedures. The Secretary has acted unlawfully in establishing an LCA standard through the Program Integrity Manual.

**Count V**

45.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 44 of the Complaint as though specifically set forth herein.

46.    No statute authorizes the Secretary or CMS to grant LCA authority to DME contractors.

**Prayer for Relief**

WHEREFORE, Plaintiffs respectfully request the following relief:

(a)    A declaration that the LCDs issued by Defendants regarding Xopenex are invalid, void, and of no legal effect;

(b)    A declaration that the grant of LCA authority to DME Contractors in the Program Integrity Manual is unlawful;

(c)    An injunction staying the operation of the aforementioned LCDs;

10

(d)    Costs of suit and attorneys' fees; and

(e)    Any other relief that this Court deems just and appropriate.


JEANETTE K. COAKLEY,
FRANCES W. ROYSTER,
THERESA A. TORRISI, and
EUNICE L. KOZIRESKI

By:  _____
Stephen B. Kinnaird
D.C. Bar No. 454271
Patrick Morrisey
D.C. Bar No. 459399
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 736-8000
Facsimile:  (202) 736-8711
Email:  skinnaird@sidley.com
        pmorrisey@sidley.com

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Jeanette K. Coakley, Frances W. Royster, Theresa A. Torrisi, and Eunice L. Kozireski | CIGNA Government Services, LLP; NHIC, Corp.; Kerry N. Weems, in his official capacity as Acting Administrator of the Centers for Medicare and Medicaid Services; Michael O. Leavitt, in his official capacity as Secretary of the Department of Health and Human Services |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF      88888<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Sidley Austin LLP<br>1501 K Street, N.W.<br>Washington, D.C. 20005<br>(202) 736-8000 | |

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

◉ 2 U.S. Government Defendant

○ 3 Federal Question
(U.S. Government Not a Party)

○ 4 Diversity
(Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV.  CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

☒ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

◉ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*        **OR**        ○ **F.** *Pro Se General Civil*

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. **Habeas Corpus/ 2255** | ○ H. **Employment Discrimination** | ○ I. **FOIA/PRIVACY ACT** | ○ J. **Student Loan** |
|---|---|---|---|
| ☐ **530 Habeas Corpus-General** ☐ **510 Motion/Vacate Sentence** | ☐ **442 Civil Rights-Employment** (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)   *(If pro se, select this deck)* | ☐ **895 Freedom of Information Act** ☐ **890 Other Statutory Actions** (if Privacy Act)   *(If pro se, select this deck)* | ☐ **152 Recovery of Defaulted Student Loans** (excluding veterans) |

| ○ K. **Labor/ERISA (non-employment)** | ○ L. **Other Civil Rights (non-employment)** | ○ M. **Contract** | ○ N. **Three-Judge Court** |
|---|---|---|---|
| ☐ **710 Fair Labor Standards Act** ☐ **720 Labor/Mgmt. Relations** ☐ **730 Labor/Mgmt. Reporting & Disclosure Act** ☐ **740 Labor Railway Act** ☐ **790 Other Labor Litigation** ☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights Act)** ☐ **443 Housing/Accommodations** ☐ **444 Welfare** ☐ **440 Other Civil Rights** ☐ **445 American w/Disabilities-Employment** ☐ **446 Americans w/Disabilities-Other** | ☐ **110 Insurance** ☐ **120 Marine** ☐ **130 Miller Act** ☐ **140 Negotiable Instrument** ☐ **150 Recovery of Overpayment & Enforcement of Judgment** ☐ **153 Recovery of Overpayment of Veteran's Benefits** ☐ **160 Stockholder's Suits** ☐ **190 Other Contracts** ☐ **195 Contract Product Liability** ☐ **196 Franchise** | ☐ **441 Civil Rights-Voting** (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Action under 42 U.S.C. section 1395ff(f)(3) by Medicare beneficiaries to challenge Medicare local coverage determinations.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    **DEMAND $** Injunctive Relief    Check YES only if demanded in complaint    **JURY DEMAND:**    YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE  06/06/08    SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.